FILED

2008 FEB 28   PM 2: 39

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  Michael Machat, Esq.
2  Jeremy Friedman, Esq.
   MACHAT & ASSOCIATES, P.C.
3  9107 Wilshire Blvd., Suite 425
   Beverly Hills, California 90210
4  Telephone: (310) 860-1833
   Telefax: (310) 860-1837
5  Email: info@machatlaw.com

6  Attorneys for Plaintiff
   JONATHAN F. EGAN

7

8

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11 JONATHAN F. EGAN, an Individual,    )  CASE NO.
                                       )  CV08-01400 VBF (FFMx)
12              Plaintiff,             )
                                       )  COMPLAINT FOR TRADEMARK
13      vs.                            )  INFRINGEMENT
                                       )
14 PACIFIC     BEVERAGES     PTY       )  DEMAND FOR JURY TRIAL
   LIMITED;          BLUETONGUE        )
15 BREWERY   PTY   LIMITED;   DK       )
   IMPORTS,   LLC;   HARALAMBOS        )
16 BEVERAGE COMPANY; MORRIS            )
   DISTRIBUTING INC.; COORS OF         )
17 LAS     VEGAS;      GLAZER'S        )
   DISTRIBUTORS OF ILLINOIS, INC.      )
18 (aka  UNION  BEVERAGE  CO.);        )
   CRAFT BEER GUILD LLC (formerly      )
19 known   as   CRAFT   BREWERS        )
   GUILD); SEABOARD PRODUCTS,          )
20 INC.; MARK VII DISTRIBUTORS,        )
   INC.; DELUCA LIQUOR & WINE,         )
21 LTD.; L. KNIFE & SON, INC. (aka     )
   UNION   BEER   DISTRIBUTORS);       )
22 TRYON DISTRIBUTING, LLC (aka        )
   TRYON          DISTRIBUTING         )
23 COMPANY);     ALEPH     WINES       )
   CORPORATION; ALEPH WINES,           )
24 L.L.C.;  SPECIALTY  BEVERAGE,       )
   INC.; and DOES 1-100, inclusive,    )
25                                     )
                Defendants.            )
26                                     )
                                       )
27 _____)

28

1  For its Complaint, Plaintiff JONATHAN F. EGAN hereby alleges and asserts
2  as follows:

3

4  ## I.     JURISDICTION AND VENUE

5

6  1.     Plaintiff bring this action for injunctive relief and damages arising out
7  of the unauthorized, unfair, and deceptive competitive practices of Defendants, and
8  each of them, in connection with the commercial use and exploitation of trademarks
9  and of its trade dress in violation of Sections 32 and 43 of the Lanham Act, 15
10 U.S.C. §§1114 and 1125.

11

12 2.     This action arises under the Trademark Laws of the United States,
13 including particularly, Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114
14 and 1125.  Jurisdiction is conferred on this Court by 15 U.S.C. Section 1121(a), by
15 28 U.S.C. Section 1338(a), in that this case arises under the Trademark Laws of the
16 United States, 15 U.S.C. Sections 1051, *et seq.*, and by principles of pendent
17 jurisdiction.  Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and
18 (d), as some of the Defendants, including the master importer Defendant DK
19 IMPORTS, LLC, transact business in Los Angeles, California, including a
20 substantial part of the events giving rise to the claims herein.

21

22 ## II.     THE PARTIES

23

24 3.     Plaintiff JONATHAN F. EGAN markets wine through his related
25 companies Importicos and Egansvale under the name *BLUE TONGUE*, for which
26 he has a trademark.  The name *BLUE TONGUE* refers to a lizard, found only in
27 Australia, that has a blue tongue.  A rendering of a blue tongue lizard appears on
28 each of Plaintiff's wine labels adjacent to the *BLUE TONGUE* Trademark.

MACHAT & ASSOCIATES, P.C.
9107 Wilshire Blvd., Ste. 425
Beverly Hills, California 90210
Telephone: (310) 860-1833

MACHAT & ASSOCIATES, P.C.
9107 Wilshire Blvd., Ste. 425
Beverly Hills, California 90210
Telephone: (310) 860-1833

1

2       4.    Defendant BLUETONGUE BREWERY PTY LIMITED ("Bluetongue

3   Brewery") is, upon information and belief, an Australian Proprietary Company,

4   Limited by Shares, that produces and exports beverage-alcohol products, including

5   the accused beers in this matter.  A sizable quantity of the accused beers in this

6   matter is imported into California, where they have been sold at retail

7   establishments.  Upon information and belief, Bluetongue Brewery is well aware of

8   the retail sales in California and, in fact, targets the retail market in California,

9   through two of Bluetongue Brewery's United States distributors, HARALAMBOS

10   BEVERAGE COMPANY and MORRIS DISTRIBUTING INC.

11

12       5.    Defendant PACIFIC BEVERAGES PTY LIMITED ("Pacific

13   Beverages") is, upon information and belief, a Joint Venture (of form unknown)

14   that is wholly owned by SABMILLER PLC and COCA-COLA AMATIL

15   LIMITED.  Upon information and belief, Defendant Bluetongue Brewery is wholly

16   owned and operated by Defendant Pacific Beverages.

17

18       6.    Defendant DK IMPORTS, LLC ("DK Imports") is, upon information

19   and belief, a Delaware Limited Liability Company that imports into the United

20   States beverages, including the accused beers in this matter.  Upon information and

21   belief, Defendant DK Imports' corporate headquarters and principal place of

22   business are in Los Angeles.

23

24       7.    Defendant HARALAMBOS BEVERAGE COMPANY ("Haralambos

25   Beverage") is, upon information and belief, a California Corporation that distributes

26   beverages, including the accused beers in this matter, in California.  Upon

27   information and belief, Defendant Haralambos Beverage's corporate headquarters

28   and principal place of business are in Los Angeles.

MACHAT & ASSOCIATES, P.C.
9107 Wilshire  Blvd., Ste. 425
Beverly Hills, California 90210
Telephone: (310) 860-1833

1

2    8.    Defendant MORRIS DISTRIBUTING INC. ("Morris Distributing") is,

3    upon information and belief, a California Corporation that distributes beverages,

4    including the accused beers in this matter, in California.   Upon information and

5    belief, Defendant Morris Distributing's corporate headquarters and principal place

6    of business are in California.

7

8    9.    Defendant COORS OF LAS VEGAS (legal entity type unknown) is,

9    upon information and belief, an entity that distributes beverages, including the

10   accused beers in this matter, in Nevada.

11

12   10.   Defendant GLAZER'S DISTRIBUTORS OF ILLINOIS, INC. (aka

13   UNION BEVERAGE CO.) is, upon information and belief, an Illinois Corporation

14   that distributes beverages, including the accused beers in this matter, in Illinois.

15

16   11.   Defendant CRAFT BEER GUILD LLC (formerly known as CRAFT

17   BREWERS GUILD) is, upon information and belief, a Massachusetts Domestic

18   Limited Liability Company that distributes beverages, including the accused beers

19   in this matter, in Massachusetts.

20

21   12.   Defendant SEABOARD PRODUCTS, INC. is, upon information and

22   belief, a Massachusetts Domestic Profit Corporation that distributes beverages,

23   including the accused beers in this matter, in Massachusetts.

24

25   13.   Defendant MARK VII DISTRIBUTORS, INC. is, upon information

26   and belief, a Minnesota Domestic Corporation that distributes beverages, including

27   the accused beers in this matter, in Minnesota.

28

MACHAT & ASSOCIATES, P.C.
9107 Wilshire Blvd, Ste 425
Beverly Hills, California 90210
Telephone: (310) 860-1833

14.     Defendant DELUCA LIQUOR & WINE, LTD. is, upon information and belief, a Nevada Domestic Corporation that distributes beverages, including the accused beers in this matter, in Nevada.

15.     Defendant L. KNIFE & SON, INC. (doing business in New York State as UNION BEER DISTRIBUTORS) is, upon information and belief, a Massachusetts Domestic Profit Corporation that distributes beverages, including the accused beers in this matter, in New York.

16.     Defendant TRYON DISTRIBUTING, LLC (aka TRYON DISTRIBUTING COMPANY) is, upon information and belief, a North Carolina Corporation that distributes beverages, including the accused beers in this matter, in North Carolina.

17.     Defendant ALEPH WINES CORPORATION is, upon information and belief, a South Carolina Corporation that distributes beverages, including the accused beers in this matter, in South Carolina.

18.     Defendant ALEPH WINES, L.L.C. is, upon information and belief, a South Carolina Corporation that distributes beverages, including the accused beers in this matter, in South Carolina.

19.     Defendant SPECIALTY BEVERAGE, INC. is, upon information and belief, a Virginia Corporation that distributes beverages, including the accused beers in this matter, in Virginia.

20.     The true names and capacities, whether individual, corporate or otherwise of Doe Defendants 1 through 100 inclusive, are unknown to Plaintiff,

1   who therefore sue them by such fictitious names.  Plaintiff will seek leave to amend
2   this complaint to allege their true names and capacities when they have been
3   ascertained.  Plaintiff is informed and believes and thereon allege that each of the
4   fictitiously named Defendants is responsible in some manner for the occurrences
5   herein alleged and that Plaintiff's damages as herein alleged were proximately
6   caused by those Defendants.  At all times herein mentioned, Doe Defendants 1
7   through 100, inclusive, were the agents, servants, employees or attorneys of their
8   co-Defendants, and in doing the things hereinafter alleged were acting within the
9   course and scope of their authority as those agents, servants, employees or
10  attorneys, and with the permission and consent of their co-Defendants.

MACHAT & ASSOCIATES, P.C.
9107 Wilshire Blvd. Ste. 425
Beverly Hills, California 90210
Telephone: (310) 860-1833

## III.   FACTS GIVING RISE TO THIS ACTION

15  21.   Plaintiff sells *BLUE TONGUE* wine throughout the United States and
16  in various other countries throughout the world.

18  22.   Plaintiff first began selling *BLUE TONGUE* wine in the United States
19  in 2002.

21  23.   Plaintiff's rights in the mark *BLUE TONGUE* are recognized by the
22  United States Patent and Trademark Office, which issued to Plaintiff U.S.
23  Registration No. 2,896,300 for wine.  A true and correct copy of the current United
24  States Patent and Trademark Office record for this mark as published on the
25  www.uspto.gov website is attached hereto as Exhibit A.

27  24.   Upon information and belief, Defendants have been selling *BLUE
28  TONGUE* beer and *BLUETONGUE* beer in the United States from July 2006, to the

1 present time.  Like Plaintiffs, Defendants prominently feature a rendering of a Blue
2 Tongue lizard on their labels and advertising material of their *BLUE TONGUE-*
3 labeled and *BLUETONGUE-*labeled beer.

5     25.    Comparatively speaking, beers are generally relatively inexpensive,
6 unsophisticated, and unrefined.  By contrast, wines are more expensive and can be
7 incredibly complex, with nuances of flavors and changing aromas; consequently,
8 wines are generally perceived as more upscale than beers.  Defendants, if allowed
9 to continue in the sale and distribution of infringing beer products, will cause
10 consumers    to    believe    that    Plaintiff's    wine    products    are    inexpensive,
11 unsophisticated, and unrefined.  This will hinder development of Plaintiff's *BLUE*
12 *TONGUE* wine brand, if not make it impossible for Plaintiff to market its *BLUE*
13 *TONGUE* wine brand as upscale products.

15     26.    Defendants have committed trademark infringement of Plaintiff's
16 trademarks and trade dress, and committed false advertisement and unfair
17 competition in their deceptive marketing of *BLUE TONGUE* beer products and
18 *BLUETONGUE* beer products.

20     27.    Defendants have induced others to infringe Plaintiff's trademarks,
21 trade names and trade dress.

23     28.    Defendants, if allowed to continue in the importation, distribution,
24 marketing, promotion, advertisement, offering for sale, and sale of the infringing
25 product, will cause consumers to believe that *BLUE TONGUE* beers and
26 *BLUETONGUE* beers originate from the same source as *BLUE TONGUE* wine.
27 This will lead to further irreparable harm to Plaintiff's goodwill, reputation, and
28 sales.

MACHAT & ASSOCIATES, P.C.
9107 Wilshire Blvd, Ste 425
Beverly Hills, California 90210
Telephone: (310) 860-1833

7

29.     Defendants currently have large resources with which to market and advertise their *BLUE TONGUE* and *BLUETONGUE* beers. Defendants' resources vastly exceed those of Plaintiff. Consequently, marketing and advertising efforts by Defendants are likely to mislead consumers to believe that Plaintiff's *BLUE TONGUE*-labeled goods are making unauthorized use of trademarks that Defendants owned. Consumers are likely to be misled to believe that Plaintiff stole the *BLUE TONGUE* mark from Defendants. As a result, Plaintiff's reputation and goodwill will be impaired.

30.     Each Defendant has acted carelessly, recklessly, and otherwise culpably in selecting, using, and/or approving of the use of Plaintiff's trademarks in the distribution, marketing, promotion, advertisement, offering for sale, and/or sale of Defendants' *BLUE TONGUE* and *BLUETONGUE* beers.

## COUNT I

## VIOLATION OF LANHAM ACT 15 U.S.C. §1114

### (Against All Defendants)

31.     Plaintiff repeats each allegation contained in paragraphs 1 through 30 as though set forth here at length.

32.     Defendants have engaged in, and continue to engage in, the wrongful exploitation of the registered *BLUE TONGUE* mark. Defendants and Defendants' associates have also used the registered *BLUE TONGUE* word mark in their advertising, promotion and/or packaging.

33.     Defendants' *BLUE TONGUE* and *BLUETONGUE* goods are so

MACHAT & ASSOCIATES, P. C.
9107 Wilshire Blvd, Ste. 425
Beverly Hills, California 90210
Telephone: (310) 860-1833

closely related to Plaintiff's goods that the public is likely to be confused, to be deceived, and to erroneously assume that Defendants' marketing and sale of *BLUE TONGUE* and/or *BLUETONGUE* goods, as packaged, advertised and promoted, are those of Plaintiff, or that Defendants are in some way connected with, sponsored by, or affiliated with Plaintiff, all to Plaintiff's detriment and irreparable damage.

34.    Defendants are not affiliated with, connected with, endorsed by, or sponsored by Plaintiff.  Furthermore, Plaintiff has not approved any of the goods or services offered or sold by the Defendants.

35.    Defendants' conduct has disparaged and tarnished Plaintiff's *BLUE TONGUE* brand.

36.    Defendants' aforesaid infringing conduct has been willful and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiff has worked hard to develop.  Defendants' aforesaid infringing conduct has been willful and with knowledge that the sale, marketing, advertisement, and promotion of their beer will doom the prospects of future commercial success of Plaintiff's *BLUE TONGUE* wine brand.  Plaintiff is therefore entitled to treble damages arising therefore, as well as reimbursement of Plaintiff's attorneys' fees and costs.

## COUNT II
### VIOLATION OF LANHAM ACT 15 U.S.C. §1125
### (Against All Defendants)

37.    Plaintiff repeats each allegation contained in paragraphs 1 through 36 as though set forth herein at length.

MACHAT & ASSOCIATES, P.C.
9107 Wilshire Blvd., Ste 425
Beverly Hills, California 90210
Telephone: (310) 860-1833

9

1

2    38.    At all times alleged, each Defendant was, and still is, engaged in the

3    business of selling beverage-alcohol products, and in so doing, wrongfully

4    exploited the *BLUE TONGUE* mark.  Defendants' conduct deprived Plaintiff of

5    valuable property rights in his trademarks and trade dress, and each Defendant

6    wrongfully and unlawfully competed with Plaintiff in the beverage-alcohol

7    industry.

8

9    39.    Without the knowledge or consent of Plaintiff, Defendants have

10   unlawfully used the *BLUE TONGUE* mark in interstate commerce, and in

11   commerce substantially affecting interstate commerce.  Defendants have imported,

12   distributed, marketed, promoted, advertised, offered for sale, and/or sold, beverage-

13   alcohol products using the *BLUE TONGUE* mark through persons not authorized,

14   employed by, or associated in any way with Plaintiff and have used the

15   aforementioned trade names, trademarks, and trade dress as false designation and

16   false representation for beers.

17

18   40.    None of the activities alleged in this complaint have been authorized

19   by Plaintiff, and such unauthorized use by Defendants of Plaintiff's trademarks,

20   trade names and trade dress in interstate commerce, commerce substantially

21   affecting interstate commerce in this district, and elsewhere throughout the United

22   States, constitutes infringement and an inducement to infringe Plaintiff's

23   trademarks, trade names and trade dress, and such activities are likely to cause

24   confusion, mistakes, and to deceive the public at large.

25

26   41.    Upon information and belief, Defendants have acted with the unlawful

27   purpose of:

28          a)    Improperly taking advantage of the valuable goodwill belonging

MACHAT & ASSOCIATES, P.C.
9107 Wilshire Blvd, Ste. 425
Beverly Hills, California 90210
Telephone: (310) 860-1833

MACHAT & ASSOCIATES, P.C.
9107 Wilshire Blvd. Ste 425
Beverly Hills, California 90210
Telephone: (310) 860-1833

1   to Plaintiff;

2      b)  Soliciting Plaintiff's customers and/or potential customers,

3   attempting to sell, and selling to such customers and potential customers, beverage-

4   alcohol products marketed under the *BLUE TONGUE* mark through persons not

5   authorized by, employed by, or associated in any way with Plaintiff;

6      c)  Inducing others to infringe Plaintiff's trademarks, trade names

7   and trade dress; and

8      d)  Causing the goods of persons not authorized by, employed by,

9   or associated in any way with Plaintiff to be falsely represented as if they were

10   rendered, authorized, sponsored by, endorsed by, or otherwise connected with

11   Plaintiff and his trademarks, trade names and trade dress.

12

13     42.  The trade dress used by Defendants to market the *BLUE TONGUE* and

14   *BLUETONGUE* products is virtually identical to, or confusingly similar to,

15   Plaintiff's trade dress, trademarks, and trade name *BLUE TONGUE*. Defendants'

16   use of the *BLUE TONGUE* trade dress is likely to cause confusion, mistake, and

17   deception as to the source and/or origin of Plaintiff's goods in violation of the

18   Lanham Act, and will continue to injure and damage the goodwill and reputation

19   symbolized by Plaintiff's marks.

20

21     43.  Defendants' *BLUE TONGUE* and *BLUETONGUE* products so closely

22   resemble Plaintiff's products that the public is likely to be confused, deceived, and

23   to assume erroneously that the *BLUE TONGUE* and *BLUETONGUE* products are

24   those of Plaintiff, or that Defendants are in some way connected with, sponsored

25   by, or affiliated with Plaintiff, all to Plaintiff's detriment and irreparable damage.

26

27     44.  Defendants are not affiliated with, connected with, endorsed by, or

28   sponsored by Plaintiff, nor has Plaintiff approved or authorized any of the goods or

services offered or sold by Defendants.

45.    The likelihood of confusion, as alleged in this complaint, is enhanced by the fame of Plaintiff's registered mark and by the fact that consumers associate this mark with goods and services sold, approved and/or endorsed by Plaintiff.

46.    Plaintiff has no control over the nature and quality of the goods and services offered and sold by Defendants.   Any failure, neglect, or default by Defendants in providing such products will reflect adversely on Plaintiff as being the believed source of said failure, neglect, or default, thereby hampering Plaintiff's efforts to continue to protect its outstanding reputation and preventing Plaintiff from further building its reputation.   Said failure, neglect, or default will result in loss of sales by Plaintiff, and loss of value of Plaintiff's considerable expenditures to promote its goods and services under the *BLUE TONGUE* mark, all to the irreparable harm of Plaintiff.

47.    Defendants' conduct, as alleged in this complaint, constitutes a clear violation of 15 U.S.C. § 1125(a).

48.    Plaintiff has been damaged by the Defendants' acts as alleged in this complaint, and the Defendants have profited thereby.   Furthermore, unless the Court permanently enjoins Defendants' conduct as alleged in this complaint, Plaintiff's business, goodwill, and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated and compensated in monetary damages.

49.    Defendants' aforesaid infringing conduct has been willful and done with an intent to ride on, and/or step on and demolish, the goodwill Plaintiff has

MACHAT & ASSOCIATES, P.C.
9107 Wilshire Blvd, Ste. 425
Beverly Hills, California 90210
Telephone: (310) 860-1833

worked hard to develop. Plaintiff is therefore entitled to treble damages arising therefore, as well as reimbursement of Plaintiff's attorneys' fees and costs.

## COUNT III
### UNFAIR COMPETITION – COMMON LAW, AND CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 et seq.
**(Against Defendants Bluetongue Brewery, Pacific Beverages, DK Imports, Haralambos Beverage, and Morris Distributing)**

50. Plaintiff repeats each allegation contained in paragraphs 1 through 49 as though set forth here at length.

51. Defendants have engaged in unfair competition perpetrated against Plaintiff by reason of the conduct alleged herein.

52. The unlawful and unfair conduct is injuring the goodwill of Plaintiff.

53. Defendants are each liable for the unfair competition, and/or are liable for aiding and abetting such conduct.

54. By this conduct, Plaintiff has directly suffered injuries and each Defendant has been unjustly enriched.

55. Plaintiff is entitled to restitution, the recovery of damages, and the recovery of the profits earned by Defendants by virtue of their conduct.

56. As a consequence of the unfair competition by Defendants, Plaintiff is

13

1    suffering irreparable injury, by reason of which such conduct should be enjoined.

2

3        57.    Plaintiff is entitled to reasonable attorneys' fees.

4

5        58.    Plaintiff is informed and believes, and on that basis alleges, that the

6    aforementioned conduct of Defendants is willful, oppressive, fraudulent, and

7    malicious, and Plaintiff is therefore entitled to punitive damages.

8

9                                    **COUNT IV**

10   **UNFAIR COMPETITION – COMMON LAW, CALIFORNIA BUSINESS &**

11                **PROFESSIONS CODE §§ 17500 et seq.**

12   **(Against Defendants Bluetongue Brewery, Pacific Beverages, DK Imports,**

13            **Haralambos Beverage, and Morris Distributing)**

14

15       59.    Plaintiff repeats each allegation contained in paragraphs 1 through 58

16   as though set forth here at length.

17

18       60.    Defendants' use of the trade name and trademark *BLUE TONGUE* and

19   related trade dress, which misrepresents the nature, characteristics, identity, and

20   source or sponsorship of Defendants' goods, constitutes aiding and abetting liability

21   for deceptive, untrue, and misleading advertising and therefore constitutes a

22   violation of, inter alia, California Business and Professions Code §§17500 et seq.

23   and California common law.

24

25       61.    Defendants' use of the trade name and trademark *BLUE TONGUE* and

26   related trade dress and trademarks are likely to have deceived and continue to

27   deceive the consuming public. Defendants knew, recklessly disregarded, or

28   reasonably should have known that such packaging, advertising, marketing, and

MACHAT & ASSOCIATES, P.C.
9107 Wilshire Blvd, Ste. 425
Beverly Hills, California 90210
Telephone: (310) 860-1833

14

1  promotion was untrue and/or misleading.

2

3  62.   As a result of the conduct described above, Defendants have been and
4  will be unjustly enriched at the expense of Plaintiff and the general public.  The
5  interests of the general public and Plaintiff are, therefore, closely related.

6

7  63.   Defendants have been unjustly enriched, among other things, by the
8  receipt of sales revenues from consumers who mistakenly thought that they were
9  purchasing Plaintiff's *BLUE TONGUE* beverage-alcohol products, both in
10  California and throughout the world, but instead were purchasing Defendants'
11  goods which are promoted and sold through advertisements that affirmatively
12  misrepresent, either directly or by implication, the nature, characteristics, identity,
13  and source or sponsorship of the goods.

14

15  64.   Pursuant to Business and Professions Code §§ 17203 and 17535,
16  Plaintiff, on behalf of itself and the general public, which is unable effectively to
17  assert its interests, seeks an order of this Court ordering Defendants immediately to
18  cease such support for acts of unfair competition and false advertising, and
19  enjoining Defendants from continuing to import, distribute, market, promote,
20  advertise, offer for sale, and sell, Defendants' *BLUE TONGUE* and
21  *BLUETONGUE* goods which falsely advertise or conduct business via the
22  unlawful, deceptive, unfair or fraudulent business acts and practices, and the untrue
23  and misleading advertising complained of herein.  Plaintiff additionally requests an
24  order disgorging Defendants' ill-gotten gains and restitution of all monies
25  wrongfully acquired by Defendants by means of their support of such acts of unfair
26  competition and false advertising, damages, interest and attorneys' fees.

27

28  WHEREFORE, Plaintiff prays for judgment as follows:

MACHAT & ASSOCIATES, P. C.
9107 Wilshire Blvd, Ste. 425
Beverly Hills, California 90210
Telephone: (310) 860-1833

15

MACHAT & ASSOCIATES, P.C.
9107 Wilshire Blvd. Ste. 425
Beverly Hills, California 90210
Telephone: (310) 860-1833

1.     That the Court adjudge and decree that Defendants have falsely designated the origin of certain wine and spirit products as those of Plaintiff, have made and used false representations in connection with the sale, offering for sale, promotion and advertising of such products, and have unfairly competed with Plaintiff at common law.

2.     That the Court adjudge and decree that Defendants have infringed Plaintiff's registered trademark, *BLUE TONGUE*.

3.     That the Court adjudge and decree that Defendants have infringed Plaintiff's unregistered trademarks.

4.     That the Court adjudge and decree that Defendants have infringed upon Plaintiff's trade dress.

5.     That the Court adjudge and decree that Defendants unlawfully diluted and diminished Plaintiff's rights in the Blue Tongue trademarks.

6.     That the Court permanently enjoin Defendants, its agents, servants, employees, attorneys, and all persons acting in concert or participation with them, or with any of them from:

          a)     Using *BLUE TONGUE*, or *BLUETONGUE,* or any other word or words which are similar to, or a colorable imitation of, Plaintiff's trade names and marks, either alone, as part of, or together with, any other word or words, trademark, service mark, trade name, or other business or commercial designation in connection with the sale, offering for sale, advertising, and/or promotion of beverage products and beverage accessories;

16

MACHAT & ASSOCIATES, P.C.
9107 Wilshire Blvd. Ste. 425
Beverly Hills, California 90210
Telephone: (310) 860-1833

b)   Using the image of a *BLUE TONGUE* lizard or any images that would suggest the presence of *BLUE TONGUE* in connection with beverages product, including its packaging, advertising or promotional materials;

c)   Selling, offering to sell, marketing, distributing, advertising and/or promoting any BEVERAGE product with the word *BLUE TONGUE* displayed on the product, its packaging, advertising or promotional materials;

d)   Representing directly or indirectly by words or conduct that any beverage product or beverage accessory offered for sale, sold, promoted, or advertised by Defendants, is authorized, sponsored by, endorsed by, or otherwise connected with Plaintiff;

e)   Aiding or abetting in unfair competition against Plaintiff;

f)   Aiding or abetting in false advertising; and

g)   Inducing others to engage in any of these aforementioned acts.

7.   That the Court award an amount to be determined at trial but at least an amount equivalent to treble the amount of Defendants' illicit profits or Plaintiff's lost profits, whichever is greater.

8.   That the Court award an amount to be determined at trial but at least an amount equal to the cost of prospective corrective advertising.

9.   That the Court award Judgment against Defendants for the full costs of this action, including the attorney's fees reasonably incurred by Plaintiff.

10.   That the Court Order such other, further and different relief as the nature of this action may require and as the Court may deem just and proper.

11.   That the Court retain jurisdiction of this action for the purpose of

1  enabling Plaintiff, in his discretion, to apply to this Court at any time for such

2  further orders and directions as may be necessary or appropriate for the

3  interpretation or execution of any Order entered in this action, for the modification

4  of any such Order, for the enforcement of compliance therewith, and/or for the

5  punishment of any violation thereof.

6

7                                                 Respectfully submitted,

8                                                 MACHAT & ASSOCIATES, P.C.

9

10  Dated: February 26, 2008          By:

11                                                 Michael Machat, Esq.

11                                                 Jeremy Friedman, Esq.

12

13                                                 Attorneys for Plaintiff Jonathan F. Egan

14

15                          **DEMAND FOR JURY TRIAL**

16      Plaintiffs hereby request a trial by jury on all issues raised by the Complaint.

17                                                 Respectfully submitted,

18                                                 MACHAT & ASSOCIATES, P.C.

19

20  Dated: February 26, 2008          By:

21                                                 Michael Machat, Esq.

21                                                 Jeremy Friedman, Esq.

22

23                                                 Attorneys for Plaintiff Jonathan F. Egan

24

25

26

27

28

MACHAT & ASSOCIATES, P.C.
9107 Wilshire Blvd., Ste. 425
Beverly Hills, California 90210
Telephone: (310) 860-1833

18

Michael Machat, Esq.
Jeremy Friedman, Esq.
MACHAT & ASSOCIATES, P.C.
9107 Wilshire Blvd., Suite 425
Beverly Hills, California 90210
Telephone: (310) 860-1833; Fax: (310) 860 1837

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| JONATHAN F. EGAN, an Individual, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV08-01400 VBF (FFMx) |
| v. | |
| PACIFIC BEVERAGES PTY LIMITED; BLUETONGUE BREWERY PTY LIMITED; DK IMPORTS, LLC; [Continoued on additional sheet] | |
| DEFENDANT(S). | SUMMONS |

TO:     DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Michael Machat_____, whose address is _9107 Wilshire Blvd., Suite 425, Beverly Hills, California 90210_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___FEB 2 8 2008___

By: ___NATALIE LONGORIA___
Deputy Clerk

*(Seal of the Court)*     1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## SUMMONS – Additional Sheet

## Defendants

[Continued from page 1]

HARALAMBOS BEVERAGE COMPANY; MORRIS DISTRIBUTING INC.; COORS OF LAS VEGAS; GLAZER'S DISTRIBUTORS OF ILLINOIS, INC. (aka UNION BEVERAGE CO.); CRAFT BEER GUILD LLC (formerly known as CRAFT BREWERS GUILD); SEABOARD PRODUCTS, INC.; MARK VII DISTRIBUTORS, INC.; DELUCA LIQUOR & WINE, LTD.; L. KNIFE & SON, INC. (aka UNION BEER DISTRIBUTORS); TRYON DISTRIBUTING, LLC (aka TRYON DISTRIBUTING COMPANY); ALEPH WINES CORPORATION; ALEPH WINES, L.L.C.; SPECIALTY BEVERAGE, INC.; and DOES 1-100, inclusive

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV08- 1400 VBF (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>JONATHAN F. EGAN | **DEFENDANTS**<br>PACIFIC BEVERAGES PTY LIMITED; BLUETONGUE<br>BREWERY PTY LIMITED; DK IMPORTS, LLC; HARALAMBOS<br>BEVERAGE COMPANY; MORRIS DISTRIBUTING INC.; COORS<br>OF LAS VEGAS; [Continued on additional sheet] |

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): Unknown

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
MACHAT & ASSOCIATES, P.C.
9107 Wilshire Blvd., Suite 425
Beverly Hills, California 90210
Telephone: (310) 860-1833

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** [amount to be determined at trial]

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Lanham Act, 15 U.S.C. §§1114, 1125 (trademark infringement, unfair competition, etc.), California Business & Professions Code §§ 17200 et seq., 17500 et seq. (unfair competition, etc., under pendent jursidiction)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: _____

CV-71 (07/05)    CIVIL COVER SHEET    Page 1 of 2

CV08-01400

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

---

VIII(b). **RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

IX. **VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
  Australia

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.
  PACIFIC BEVERAGES PTY LIMITED: unknown; DK IMPORTS, LLC: Delaware; HARALAMBOS BEVERAGE COMPANY: Los Angeles
  County; MORRIS DISTRIBUTING INC.: Sonoma County; COORS OF LAS VEGAS: Nevada; GLAZER'S DISTRIBUTORS OF ILLINOIS, INC.:
  Illinois; CRAFT BEER GUILD LLC: Massachusetts; SEABOARD PRODUCTS, INC.: Massachusetts; MARK VII DISTRIBUTORS, INC.:
  Minnesota; DELUCA LIQUOR & WINE, LTD.: Nevada; L. KNIFE & SON, INC.: Massachusetts; TRYON DISTRIBUTING, LLC: North Carolina;
  ALEPH WINES CORPORATION: South Carolina; ALEPH WINES, L.L.C.: South Carolina; SPECIALTY BEVERAGE, INC.: Virginia.

List the California County, or  State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
  Count I: Los Angeles County; Sonoma County; Delaware; Nevada; Illinois; Massachusetts; Minnesota; Nevada; North Carolina; South Carolina;
  Virginia.
  Count II: Los Angeles County; Sonoma County; Delaware; Nevada; Illinois; Massachusetts; Minnesota; Nevada; North Carolina; South Carolina;
  Virginia.
  Count III: Los Angeles County; Sonoma County.
  Count IV: Los Angeles County; Sonoma County.

---

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  2-25-08

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET – Additional Sheet

## Defendants

[Continued from page 1]

GLAZER'S DISTRIBUTORS OF ILLINOIS, INC. (aka UNION BEVERAGE CO.);
CRAFT BEER GUILD LLC (formerly known as CRAFT BREWERS GUILD);
SEABOARD PRODUCTS, INC.; MARK VII DISTRIBUTORS, INC.; DELUCA
LIQUOR & WINE, LTD.; L. KNIFE & SON, INC. (aka UNION BEER
DISTRIBUTORS); TRYON DISTRIBUTING, LLC (aka TRYON DISTRIBUTING
COMPANY); ALEPH WINES CORPORATION; ALEPH WINES, L.L.C.;
SPECIALTY BEVERAGE, INC.; and DOES 1-100, inclusive